# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ENDURANCE WARRANTY SERVICES, L.L.C., an Illinois limited liability company,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 26-cv-03622 |
| v. | ) ) | |
| **NATIONWIDE AUTOPROTECT, a New Jersey limited liability company and EGV COMPANIES, INC., incorrectly sued as ENSURETY VENTURES, LLC,** | ) ) ) ) | |
| Defendants. | ) ) ) | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective ~~Agreed Confidentiality~~ Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.**  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Confidential Information.**  As used in this Order, "Confidential  Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d)

1

medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case; (h) call recordings and transcripts; (i) internal and external communications; (j) internal corporate structure materials; (k) marketing or sales materials; (l) website or digital-advertising data; and (m) regulatory and/or governmental correspondence—the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Information or documents that are available to the public may not be designated as Confidential Information. Examples of "confidential" information found in the categories listed in above include, but are not limited to, routine emails, slack or other internal and external messaging systems, memos, planning and/or agenda documents, marketing and/or sales campaign plans, pitch decks, pricing strategies, website and/or advertising analytics, corporate structure documentation, targeting parameters, performance metrics, and communications with government agencies, compliance responses, and notices.

3. **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that reflect sensitive corporate trade secrets, nonpublic research, and development data including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means..

4. **Not Confidential or Highly Confidential Information.** Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the

2

public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

5.    **Designation**.

(a)    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. A party may designate a document as Highly Confidential Information for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information and Highly Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of

marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked. To the extent that a document is produced in native format and is not capable of being marked with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER", the party producing such material may inform the opposing party or parties that such information constitutes confidential information or Highly Confidential Information through a cover page to immediately proceed the document or by other means mutually agreed to by the parties.

(b)     The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney ~~or a party appearing pro se~~ that the document contains Confidential Information as defined in this order.

**6.     Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given,  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. Designations may be made during the deposition on the record as well, but must be followed by a documented request for designation no later than the fourteenth day after the transcript is delivered.

4

7.      **Protection of Confidential Material**.

(a)     **General Protections.** Confidential Information or Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)     **Limited Third-Party Disclosures of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     **Outside Counsel.** Outside Counsel for the parties and employees of outside counsel who have responsibility for the action including necessary paralegal, secretarial, and clerical personnel assisting such counsel;

(2)     **In-house Counsel.** In-house counsel for the parties.

(3)     **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(4)     **The Court and its personnel**;

(5)     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(6)     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(7)     **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. For any document designated "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," a witness may only be shown such a document as an exhibit where either the opposing party has agreed to such disclosure or the party was a clear author, sender, or recipient of the document. Witnesses shall not retain a copy of documents containing Confidential Information or Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information or Highly Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(9) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(10) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Third-Party Disclosures of Highly Confidential Information.**

Absent written permission from the producer or further ordered by the Court, the recipient may not disclose "Highly Confidential" information to any person other than those identified in paragraph 7(b)(1), (4), (5), (6), (7), (9), and (10).

(d) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8. **Disclosures to Experts or Consultants.** A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 7(b) or 7(c) of

6

this order until after the expert or consultant has signed an undertaking in the form of Attachment A to this Order.

9. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

10. **Filing of Confidential or Highly Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

11. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**12.** **Challenges by a Party to Designation as Confidential Information or Highly Confidential Information.**

The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order.

**13.** **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential or Highly Confidential Information shall be by motion.

Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15. **Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to

9

protect its Confidential Information and/or Highly Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and/or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Highly Confidential Information by the other party to this case.

16. **Challenges by Members of the Public to Sealing Orders.** A party ~~or interested member of the public~~ has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 5~~3~~(a), shall be returned to the producing party or destroyed by the receiving party unless: ~~(1)~~ the document has been offered into evidence or filed without restriction as to disclosure~~; (2) the parties agree to destruction to the extent practicable in lieu of return;[5] or (3) as to documents bearing the notations, summations, or~~

10

~~other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so~~.

   (c)  **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

   (d)  **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

  18.  **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

  19.  **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties

is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20.     **Production by Non-Parties.** The existence of this Order shall be disclosed to any non-party producing documents or information in the Litigation who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order through Attachment A ("Acknowledgment and Agreement to Be Bound"). If a party chooses to produce documents without signing Attachment A, the documents produced will not be subject to this Agreement. Nothing in this paragraph shall prohibit a Party from marking its own documents, produced by a Non-Party as "Confidential" or "Highly Confidential" Information.

21.     **Production of Privileged Documents.** The production of any privileged or attorney-work product documents shall be without prejudice to any claims that the document is privileged or attorney-work product and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege.  In each such case, the designating party shall provide to all other parties notice, either orally (followed by written notice within five (5) business days) or by written notice of that subsequent designation. Upon notification but subject to the subsequent provisions in this paragraph, the receiving party shall immediately, at the producing party's option, return or destroy the produced material(s) and all copies, and shall delete the material and all copies from any litigation-support or other database. No further use or disclosure shall be made of the produced material(s), and the recipient shall take all reasonable and appropriate steps to retrieve the material(s), and all copies, from any person to whom the recipient has provided them.

12

Any party or individual having received privileged or protected information need not wait for notice from the producing party before complying with the above and is expected to comply with the requirements of this Paragraph as soon as it is known that the document and information contained therein is privileged and/or protected. If the party returning such material does not agree with the privilege designation, the party returning such material must write a letter to the producing party, setting forth the reason for believing that the material in question is not privileged.

If the issue cannot be resolved between the parties, the producing party shall move the Court, within seven (7) days of the completion of such meet-and confer efforts, to rule on the material's status and shall produce a copy of the document to the Court for in camera inspection. Any disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of disclosure of privileged information shall be binding on non-parties. The parties agree that if a disagreement exists as to the disclosure of documents which the producing party argues is privileged, the Receiving Party shall not use or disclose the materials until a ruling is made by the Court on the question of the document's privilege.

**22.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: 5/12/2026

_____

Honorable Matthew F. Kennelly
United States District Judge

13

WE SO MOVE
and agree to abide by the
terms of this Order

WE SO MOVE
and agree to abide by the
terms of this Order

/s/ *Justin K. Beyer*
Signature

/s/ *Ivan Posey*
Signature

Justin Beyer
Printed Name

Ivan Posey
Printed Name

Counsel for:   Plaintiff

Counsel for: Nationwide AutoProtect,

Dated: May 11 2026

Dated: May 11, 2026

/s/ *Tim Hudson*
Signature

/s/ *Tim Hudson*
Signature

Tim Hudson
Printed Name

Tim Hudson
Printed Name

Counsel for: EGV Companies, Inc.

Counsel for: Ensurety Ventures, LLC

Dated: May 11, 2026

Dated: May 11, 2026

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **ENDURANCE WARRANTY SERVICES,** | ) | |
| **L.L.C., an Illinois limited liability company,** | ) | |
| | ) | Case No. 26-cv-03622 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **NATIONWIDE AUTOPROTECT, a New** | ) | |
| **Jersey limited liability company and** | ) | |
| **EGV COMPANIES, INC., incorrectly sued as** | ) | |
| **ENSURETY VENTURES, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective ~~Confidentiality~~

Order dated _____ in the above-captioned action and attached

hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned

submits to the jurisdiction of the United States District Court for the Northern District of Illinois

in matters relating to the Protective ~~Confidentiality~~ Order and understands that the terms of the

Protective ~~Confidentiality~~ Order obligate the parties, including their designated representatives or

their assigns, and him/her to use materials designated as Confidential Information or Highly

Confidential Information in accordance with the Order solely for the purposes of the above-

captioned action, and not to disclose any such Confidential Information or Highly Confidential

Information to any other person, firm or concern.

The undersigned acknowledges that violation of the [Proposed] Stipulated Protective ~~Confidentiality~~ Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____

Signature