**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ENDURANCE WARRANTY SERVICES, L.L.C., an Illinois limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**NATIONWIDE AUTOPROTECT, a New Jersey limited liability company and EGV COMPANIES, INC., incorrectly sued as ENSURETY VENTURES, LLC,**<br><br>Defendants. | Case No. 26-cv-03622<br><br>**JURY DEMAND** |

**PLAINTIFF'S BENCH BRIEF REGARDING CERTAIN EVIDENTIARY QUESTIONS**

Plaintiff Endurance Warranty Services, L.L.C. ("Plaintiff" or "Endurance") respectfully submits this bench brief to address the admissibility of the recorded telephone calls between Endurance customers and Endurance representatives, as well as certain calls produced in discovery and authenticated by Defendant Nationwide AutoProtect's 30(b)(6) witness, and the appropriate method for establishing their foundation.

Under Federal Rule of Evidence 901, a custodian of records may authenticate the recordings by testifying to the manner in which the business maintains, stores, and retrieves such calls. Once authenticated, the recordings qualify for admission under the business-records exception of Federal Rule of Evidence 803(6) because they are automatically generated and preserved as part of the company's regular course of business. Additionally, the Nationwide-produced audio recordings are independently admissible under Federal Rule of Evidence 801(d)(2) as statements of a party opponent because they contain statements made by Nationwide employees acting within the scope of their employment.

307959471v.1

As discussed below, the Seventh Circuit routinely permits the proponent to play relevant excerpts of properly authenticated, admissible recordings, and doing so here will assist the Court in evaluating the substance and context of the communications at issue. Accordingly, Plaintiff requests that the Court allow the custodian to authenticate the recordings and permit the use of pertinent snippets at the appropriate stage of the proceedings under Federal Rules of Evidence 901,803(6), and 801(d)(2).

## I.   A Custodian of Records Can Introduce Recorded Customer Calls at a Hearing as Evidence.

Federal Rule of Evidence 901(a) requires only that a party offering evidence makes a prima facie showing that the evidence "is what its proponent claims." *U.S. v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012). Courts in the Seventh Circuit repeatedly emphasize that authentication is a low threshold. *See, e.g.*, *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997) ("Authentication does not erect a particularly high hurdle"). To that end, authentication concerns merely identity and accuracy. *Fluker*, 698 F.3d at 999–1000.

Federal Rule of Evidence 901(b)(1) expressly permits authentication through the testimony of a witness with knowledge. FED. R. EVID. 901(b)(1). The Northern District of Illinois recognizes that authentication may be established "through methods such as the testimony of a witness with knowledge." *Savanna Group, Inc. v. Trynex, Inc.*, 2013 WL 66181, at 3 (N.D. Ill. Jan. 4, 2013). A witness need only explain what the evidence is and how it was created or retrieved. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 686 (7th Cir. 2015) ("the custodian need only be familiar with the company's recordkeeping practices").

For example, recordings have been authenticated where a custodian testified to how the recordings were generated, retrieved, and verified. *U.S. v. Collins*, 715 F.3d 1032, 1035–36 (7th Cir. 2013) ("For tape recordings, this can be done in two ways: (1) … demonstrating the tapes are

2

in the same condition as when they were recorded, or (2) testimony demonstrating the accuracy and trustworthiness of the tapes."); *U.S. v. Diaz*, 147 F.4th 809, 814 (7th Cir. 2025) (bearing "an initial—though minimal—burden to get voice recordings before [the court] by showing that 'the recordings are true, accurate, and authentic recording[s] of the conversation[s], at given time[s], between the parties involved.'") (internal citation omitted).

Daniel Wilner ("Mr. Wilner") is the Litigation and Contracts Manager at Endurance and has been employed by Endurance since 2017. He will testify that, as part of the investigation, Mr. Wilner retrieved, reviewed, and collected customer audio recordings of Endurance representatives to further learn the identity of who was spreading the false statements—Nationwide AutoProtect, LLC ("Nationwide" or "Defendant").

Here, the custodian, Mr. Wilner, will testify that he retrieved the recordings from Endurance's automated system, verified their integrity, and confirmed that they are the unaltered files associated with the calls between Endurance representatives and customers—the same calls that he retrieved, reviewed, and collected for his internal investigation. This testimony will be more than sufficient to satisfy Rule 901(b)(1). Because the proponent need only make a prima facie showing that a reasonable juror could find the evidence authentic, the recordings will be properly authenticated under Rule 901. *Harvey*, 117 F.3d at 1049.

Further, Endurance intends to introduce customer audio recordings of calls produced by Nationwide in discovery. During the 30(b)(6) deposition of Nationwide, its proffered witness, Michael Kahlbom, Nationwide's president and CEO, testified that the audio recordings that Nationwide produced were a Nationwide business record, maintained in the ordinary course of Nationwide's business, and were authenticated and complete. Prior to introduction of such audio, Endurance will proffer such testimony to the Court and seek to introduce these calls and play a

3

snippet of certain of the calls. Again, under Rule 901(b)(1) these records are properly authenticated through deposition testimony. *Holloway v. Soo Line R.R. Co.*, No. 16 CV 9191, 2018 WL 488259, n.6 (N.D. Ill. Jan. 19, 2018), aff'd, 916 F.3d 641 (7th Cir. 2019) (holding that a witness's deposition testimony identifying a hearing transcript as what it purported to be was sufficient authentication under FRE 901(b)(1)).

**II.     Recorded Phone Calls Made in the Ordinary Course of Business are Admissible under Federal Rule of Evidence 803(6) and Federal Rule of Evidence 801(d)(2) when Offered Against an Opposing Party.**

Authentication under Rule 901 is the first step. Once authenticated, the recordings must also satisfy the hearsay rules. Federal Rule of Evidence 803(6)—the business-records exception— provides that a record is admissible if:

> (A) the record was made at or near the time by—or from information transmitted by— someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

The Seventh Circuit has repeatedly emphasized that a custodian of records under Rule 803(6) does not need to have personally created the record or have firsthand knowledge of the underlying events. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 686 (7th Cir. 2015) ("The custodian need not have personally gathered, input, or maintained the records."); *Norman v. AllianceOne Receivables Mgmt., Inc.*, 637 F. App'x 214, 216 (7th Cir. 2015) ("The Vice President was the custodian because he was familiar with the company's record keeping practices, and he

4

did not need to have personally made the calls to Norman to testify about the meaning of the records.").

The Northern District of Illinois applies the same principle: business records are admissible when a custodian or qualified witness explains the company's recordkeeping system, confirms that the records were created and maintained in the ordinary course of business, and establishes the record was created at the time of the event, or based on information from someone who personally knew what happened. *Savanna Group, Inc.*, 2013 WL 66181, at *6. This framework applies equally to recorded telephone calls that are automatically generated and stored as part of a company's routine operations. *U.S. v. Briscoe*, 896 F.2d 1476, 1494 (7th Cir. 1990) ("It is well established that computer data compilations are admissible as business records under Fed.R.Evid. 803(6).") Further, the Northern District of Illinois has upheld the admission of recordings when the custodian satisfies each element of Rule 803(6). *See Strejc v. Lincoln Benefit Life Co.*, No. 13 CV 1966, 2014 WL 13111677, at *3 (N.D. Ill. Apr. 29, 2014) ("The recording … is also a business record.").

Here, Mr. Wilner's and Nationwide's 30(b)(6) deponent's testimony satisfies each element of Rule 803(6). The recordings were automatically created at the time of the calls, stored in the company's secure system, and maintained as part of the company's regularly conducted business activity. Mr. Wilner is familiar with the company's recordkeeping practices and can testify that the creation and retention of these recordings is a routine business practice, satisfying Rule 803(6)(A)–(D). Finally, nothing about the system or the circumstances of the recordings indicate any lack of trustworthiness, satisfying Rule 803(6)(E). The Seventh Circuit has held that such routine, automated business records fall squarely within the exception. *See Briscoe*, 896 F.2d 1494.

5

Further, the customer audio recordings of calls produced by Nationwide in discovery are admissible under Federal Rule of Evidence 801(d)(2). Federal Rule of Evidence 801(d)(2) provides that evidence that meets the following conditions is not hearsay: "[t]he statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity." FED. R. EVID. 801(d)(2). The customer audio recordings of calls produced by Nationwide will show that Nationwide employees were making false statements about Endurance to consumers; therefore, as Nationwide employees are representatives of Nationwide, the statements are made by Nationwide in a "representative capacity" (*id.*), and are admissible evidence under the party-opponent admission rule. *Haiman v. Village of Fox Lake*, 79 F. Supp. 2d 949, 953 (N.D. Ill. 2000) ("To be an admission by a party opponent, a statement need only be (1) made by an agent; (2) acting within the scope of employment; and (3) made during the existence of the employment relationship"). Federal Rule of Evidence 801(d)(2) does "not require that the agent have the authority to speak for the employer (in order to admit the agent's statement into evidence), but only that the statement be made within the scope of employment and is offered against the party." *Id.*

Accordingly, the Endurance recordings are admissible under the business-records exception and the Nationwide produced audio recordings are admissible under the business-records exception and the party-opponent admission rule.

### III. Snippets of Properly Authenticated and Admissible Phone-Call Audio May be Presented to the Court.

Once a recording has been authenticated under Rule 901 and admitted under Rules 803(6) or 801(d)(2), the Federal Rules impose no requirement that the entire audio file be played. Courts in the Seventh Circuit routinely permit the use of excerpts or "snippets" of recorded calls so long

as the selected portions accurately reflect the underlying audio and do not mislead the factfinder. *See U.S. v. Sweiss*, 814 F.2d 1208, 1211 (7th Cir. 1987).

Federal Rule of Evidence 106 requires that, when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at the time to introduce any other part or any other writing or recorded statement which out in fairness to be considered contemporaneously with it. FED. R. EVID. 106. The Rule of Completeness does not bar the use of snippets; it simply ensures fairness. "Under the doctrine of completeness, another writing or tape recording is 'required to be read [or heard] if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *Sweiss*, 814 F.2d 1211–12.

Under Rule 106, an opposing party may require the introduction of additional portions of a recording to "insure a fair and impartial understanding." *Id.* But the rule does not obligate the proponent to play the entire recording in the first instance. The Seventh Circuit has emphasized that Rule 106 is a shield, not a sword—it prevents distortion. *U.S. v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011) ("'The completeness doctrine does not, however, require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages.'") (internal citation omitted).

Accordingly, assuming the recordings at issue have already been authenticated under Rule 901 and are admissible under Rules 803(6) or 801(d)(2) , the Court may properly consider snippets of those recordings. Seventh Circuit precedent confirms that partial recordings are admissible so long as they are accurate and not misleading. *Sweiss*, 814 F.2d 1211–12. The opposing party retains the ability to invoke Rule 106 if additional context is necessary, but the proponent is not required to present the full recordings in the first instance. *Id.* at 1213 (noting that counsel must make a

"focused and specific" request and "lay sufficient foundation" for admission of the complete recording under Federal Rule of Evidence 106.)

For these reasons, Plaintiff respectfully asks the Court to allow Plaintiff to present the testimony of its and Nationwide's custodian of records so that the Court may determine the authenticity and admissibility of the recorded calls under Rules 901 and 803(6). Alternatively, the Nationwide audio recordings are also admissible under Federal Rule of Evidence 801(d)(2). Upon that showing, Plaintiff further requests that the Court allow the use of the relevant audio snippets during the proceedings to assist in evaluating the substance and context of the recorded phone calls between Endurance customers and Endurance representatives, where Endurance customers called in confused, angry, or ready to cancel their Endurance policy due to the false statements made by Nationwide AutoProtect, LLC, as well as audio recordings made between Nationwide sales reps and consumers, which were authenticated during discovery and admissible under Federal Rules of Evidence 803(6) and 801(d)(2).

WHEREFORE, Plaintiff, Endurance Warranty Services, L.L.C., hereby submits the foregoing bench brief regarding certain evidentiary issues.

DATED: May 26, 2026

Respectfully submitted,

By: */s/ Justin K. Beyer*
     One of Its Attorneys

**ENDURANCE WARRANTY
SERVICES, L.L.C.**

Justin K. Beyer (justin.beyer@saul.com)
Steven M. Malitz (steven.malitz@saul.com)
Joseph M. Kuo (josph.kuo@saul.com)
Saul Ewing LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601

*Counsel for Plaintiff, Endurance Warranty Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused a true and correct copy of the foregoing to be served on all counsel of record by way of the ECF Filing System this 26th day of May, 2026.

/s/ Justin K. Beyer

Justin K. Beyer