**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENDURANCE WARRANTY SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 26 C 3622 |
| NATIONWIDE AUTOPROTECT, LLC, | ) ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Endurance Warranty Services, LLC has sued Nationwide AutoProtect, LLC under the Lanham Act and state law.  Endurance alleges that Nationwide has engaged in deceptive conduct amounting to trademark infringement, false advertising, and unfair competition.  Endurance and Nationwide are direct competitors; they both sell motor vehicle service contracts, commonly known as extended auto warranties.  Endurance owns a federal trademark registration for the mark "Endurance" in connection with providing extended warranties on motor vehicles.

According to Endurance, Nationwide has engaged in a campaign of targeting Endurance's customers by posing as Endurance via deceptive websites and by contacting Endurance's customers directly and advancing false accusations about Endurance in an effort to get the customers to cancel their contracts with Endurance and sign contracts with Nationwide.

Nationwide filed the present suit and moved for entry of a temporary restraining order.  The Court granted the motion on April 29, 2026, set the matter for a hearing on

Endurance's motion for preliminary injunction, and authorized both sides to conduct expedited discovery. The Court held a preliminary injunction hearing on May 26, 2026, during which Endurance presented testimony and exhibits. Nationwide called no witnesses of its own.

To obtain a preliminary injunction, a plaintiff must establish that it is likely to succeed on the merits and that traditional legal remedies would be inadequate such that it will suffer irreparable harm without an injunction. *See, e.g., Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). If the plaintiff makes this showing, a court balances the harm the plaintiff would suffer from denial of an injunction against the harm the defendant would suffer from granting one. *Id.* A court is also required to consider the public interest. *Id.*

A false advertising claim under the Lanham Act requires the plaintiff to establish that the defendant made false statements of fact in commercial advertisements about the plaintiff's products or services; the statements actually deceived the plaintiff's customers; the deception was material and influenced purchasing decisions; the false statements were made in interstate commerce; and the plaintiff has been and is likely to continue to be injured by the false statements. *See, e.g., B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999).

Endurance has shown that it is likely to succeed on the merits of its false advertising claim against Nationwide. Endurance has introduced evidence of numerous reports from its customers regarding calls they received in which the callers made false representations about Endurance and attempted to persuade them to cancel their Endurance contracts and switch to Nationwide. These include statements, among

others, that Endurance was going out of business; had been "red flagged" by the government; was being investigated by the government or the Department of Justice; and was a fraudulent business or was not paying out on claims. Given that the callers tried to switch the customers to Nationwide, it is reasonable to infer that Nationwide was behind the calls. Nationwide contends that it has training materials and compliance procedures to prevent calls of this sort, but what is relevant here is what actually happened, not how it is papered over. Endurance has shown that it is likely to succeed on its contention that Nationwide caused the misleading calls to be made.

Some of the Endurance customers reached out to Endurance after getting these calls. From the transcripts of these calls, there is sufficient evidence that the Nationwide-generated calls included actual deception on matters that a reasonable Endurance customer would consider significant in making a decision about her contract—in other words, the deception involved material matters. In addition, it is reasonable to infer that not every Endurance customer who received calls reached out directly to Endurance and that some canceled their Endurance contracts. This same evidence also established, sufficiently for purposes of a preliminary injunction, the requisite interstate commerce nexus—use of interstate telephone communications—and the existence of harm to Endurance.

Endurance also asserts a claim of trademark infringement. "[T]o succeed on a trademark infringement claim, the [trademark holder] must show that it owns a valid, protectable trademark and that there is a likelihood of confusion caused by the alleged infringer's use of the disputed mark." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023). Nationwide does not contest, at this stage at least, the validity of

3

Endurance's mark.

Endurance has submitted evidence of a Google banner ad that came up in a Google search for Endurance and identified Nationwide as "Endurance Car Warranty" and directed persons seeing the ad to "customer service" via a phone number for *Nationwide*. Endurance also introduced evidence that customers reported searching online for Endurance and coming up with this ad, or something similar, directing them to Nationwide when they wanted to contact Endurance customer service. This is sufficient to establish, for purposes of the preliminary injunction motion, the elements of a trademark infringement claim arising from Nationwide holding itself out as Endurance and leading consumers wanting to reach Endurance to actually, and unknowingly, contact Nationwide. *See, e.g., Promatek Inds., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 812 (7th Cir. 2002). This effectively amounted to misappropriation of Endurance's goodwill. *Id.* at 812-13.

The evidence is also sufficient to show irreparable harm for which Endurance lacks an adequate remedy at law. As indicated earlier, it is reasonable to infer from existence of a number of customers who *did* reach out to Endurance after misleading statements from Nationwide that there were others who did not do so and simply canceled their Endurance contracts. And one way or another, the misleading calls put into play a significant risk of impairing Endurance's goodwill, a harm that is exceedingly difficult to quantify. The same is true on the false advertising claim; there is a significant likelihood of an impairment of Endurance's goodwill.

The balance of harms favors entry of a preliminary injunction. The harm to Endurance from misuse of its mark and false advertising about its services outweighs

4

any harm Nationwide might suffer from being enjoined against violating the law.  Indeed, Nationwide does not contend that the balance of harms tips against entry of an injunction.  Finally, the public interest favors entry of an injunction.  In adopting the Lanham Act, Congress declared a public policy in favor of enforcing valid trademarks and preventing deceptive advertising.  The requested preliminary injunction furthers that purpose.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for entry of a preliminary injunction [dkt. 11].  Plaintiff is directed to provide a draft preliminary injunction to Judge Kennelly's web page, in Word format, by 4:00 p.m. on Monday, June 8, 2026.

Date:  June 7, 2026

_____
MATTHEW F. KENNELLY
United States District Judge